[Cite as *Duff v. Duff*, 2014-Ohio-3750.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY   COUNTY**

| | | |
|---|---|---|
| MEEKA D. DUFF | : | |
| | : | Appellate Case No. 26043 |
| Plaintiff-Appellee/Cross-Appellant | : | |
| | : | Trial Court Case No. 07-DR-278 |
| v. | : | |
| | : | |
| JOHN T. DUFF, II | : | (Civil Appeal from Common Pleas |
| | : | Court, Domestic Relations) |
| Defendant-Appellant/Cross Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of August, 2014.

. . . . . . . . . . .

MELYNDA COOK, Atty. Reg. #0066596, Repper, Pagan & Cook, Ltd., 1501 First Avenue, Middletown, Ohio 45044
        Plaintiff-Appellee/Cross-Appellant

PAULETTE J. LILLY, Atty. Reg. #0021404, 4853 Brixston Drive, Hilliard, Ohio 43012
        Defendant-Appellant/Cross Appellee

. . . . . . . . . . . .

HALL, J.

{¶ 1}    Defendant-appellant John Duff appeals from a decision and judgment denying his motion for child support.  Plaintiff-appellee Meeka Duff (now known as "DeBevoise") has

filed a cross-appeal from that judgment with regard to the calculation of her actual child support obligation and the trial court's decision to require her to carry primary insurance coverage for the parties' children and to pay all uninsured medical expenses after Mr. Duff pays the first $100 in such expenses per child per year. For the reasons set forth below, we Affirm.

## I.  Course of Proceedings

{¶ 2}    The parties were married in 1994 and have two minor children as a result of the marriage. They were divorced in October 2007. Of relevance hereto, the parties entered into a shared parenting agreement pursuant to which both were designated as legal custodians of the children. Further, the agreement specified that both parents would have equal parenting time, and thus neither would pay child support to the other.[1] The agreement provided that Mr. Duff would provide primary health insurance coverage and that Ms. DeBevoise would provide secondary coverage. Mr. Duff was required to pay all remaining medical, dental, optical and psychological expenses incurred on behalf of the children. The parties also agreed to equally divide all costs of the children's private school, including tuition, books, uniforms, lab fees, lunches and extracurricular activities.

{¶ 3}    In March 2012, Ms. DeBevoise filed a motion seeking to terminate the shared parenting plan and to designate her as the residential parent. She further sought child support from Mr. Duff. Subsequently, in October 2012, Mr. Duff filed a motion for sole custody and for child support.

---

[1]    A child support worksheet was generated which allocated the sum of $11,271.79 as the annual support obligation for Mr. Duff, and $8,253.23 as the obligation for Ms. DeBevoise.

{¶ 4}    A hearing on the motions was held on February 25, 2013.  At the beginning of the hearing, both parties agreed to withdraw their motions to terminate the shared parenting plan and further agreed that they would have a hearing only on the issue of Mr. Duff's motion to modify child support. At the hearing, it was demonstrated that Mr. Duff's gross income at the time of the divorce was $75,121.99 and that in 2013 his gross income would be $90,084.80.[2] Ms. DeBevoise had a gross income of $55,000 at the time of the divorce.  Her base salary beginning in 2013 was $100,000 and she is eligible to earn performance bonuses of up to $39,000.  Mr. Duff testified that he estimates he spends approximately four to five thousand dollars per year for health insurance as well as uninsured medical expenses.  His premium expense is $186.68 per month with a deductible of $2,400.  His health insurance plan covers him, his current spouse, his stepson and both of the parties' two children.  The family plan for which Mr. Duff pays does not experience a premium increase for adding his stepson.  Ms. DeBevoise has available health insurance coverage with a annual premium of $453.70.

{¶ 5}    Following the hearing, the magistrate issued a decision finding that the best interests of the children would be served by requiring Ms. DeBevoise to assume more of the shared expenses rather than to impose a requirement that she pay child support.   Thus, the magistrate concluded that there should be no change in the child support order except that Mr. Duff would not be  required to reimburse Ms. DeBevoise for his one-half portion of the shared expenses until such expenses exceeded the amount of $4,969.22.  The magistrate arrived at this figure by subtracting Ms. DeBevoise's prior child support obligation of $8,253.23 from the

---

[2]   This amount includes a government disability payment of $130 per month.    Both the magistrate and the trial court found this payment was $127 per month despite Mr. Duff's testimony that it had increased to the higher amount.    Tr. p. 95. We find the difference *de minimis*.

updated obligation of $13,222.45. In the updated child support worksheet, the magistrate used Ms. DeBevoise's base salary of $100,000 and a three-year average bonus of $20,000.

{¶ 6}     Mr. Duff objected to the magistrate's decision. The trial court issued a decision and judgment finding that the magistrate erred in using the sum of $20,000 as Ms. DeBevoise's bonus amount, and found that the correct amount is $30,000. The trial court further found Ms. DeBevoise's total support obligation is $19,405.28.[3] The trial court then found that, after subtracting the 2007 child support obligation from the current obligation [$19,405.28 - $8,253.23], Ms. DeBevoise's annual child support obligation is $11,152.05 [$929.36 per month]. However, the court concluded that both parties still have equal parenting time, both parties have increased income, and the children still enjoy the same standard of living that they had during the marriage. The trial court further found that despite the disparity in income, Mr. Duff is still able to meet the needs of the children and his current wife and stepson. Thus, the trial court found it equitable to maintain the one-hundred percent deviation from the child support calculation and to follow the magistrate's decision that Ms. DeBevoise pay all shared expenses up to the sum of $4,969 with any excess being equally split by the parties. The trial court imposed an additional requirement that Ms. DeBevoise provide the primary health care coverage for the children and that she be responsible for payment of one hundred percent of any uninsured costs.

{¶ 7}     Mr. Duff appeals the trial court decision and Ms. DeBevoise cross-appeals.


**II.   Was the trial court's decision continuing a deviation from the**

---

[3]    We note that the record does not contain a child support worksheet using the $30,000 bonus amount.    Thus, we do not have the trial court's actual calculations before us.

**child support calculation an abuse of discretion?**

{¶ 8}   Mr. Duff's First and Second Assignments of Error state:

THE TRIAL COURT ERRED IN DEVIATING TO ZERO THE CHILD SUPPORT OBLIGATION OF THE APPELLEE, MEEKA DEBEVOISE.

THE TRIAL COURT ERRED IN MODIFYING THE TERM OF THE SHARED PARENTING PLAN REGARDING THE ALLOCATION OF EXPENSES FOR EXTRA-CURRICULAR ACTIVITIES AND EDUCATION AS AN ALTERNATIVE TO AN AWARD OF CHILD SUPPORT.

{¶ 9}   Mr. Duff contends that the trial court erred by deviating from the child support calculation and by instead allocating more of the shared expenses to Ms. DeBevoise.

{¶ 10}   A "trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion." *Johnson v. McConnell*, 2d Dist. Montgomery No. 24115, 2010–Ohio–5900, ¶ 13.   When modifying a child support order, a trial court must follow the procedures set forth in R.C. 3119.022.   The Ohio Supreme Court "has required strict compliance with the statutory procedures for an initial award or modification of a child support order.   The trial court must include the worksheet in the record so that an appellate court can meaningfully review the trial court's order." *Johnson* at ¶ 14, internal citations omitted.   "Generally, the amount of child support that would be payable under a child support order, as calculated pursuant to the basic child support schedule and applicable worksheet through the line establishing the actual annual obligation, is rebuttably presumed to be the correct amount of child support due. R.C. 3119.03." *Id.*, at ¶ 15.

{¶ 11} However, R.C. 3119.22 permits a deviation from the amount set forth in the worksheet if, after considering the factors set forth in R.C. 3119.23, the trial court finds that the amount calculated in the worksheet is unjust or inappropriate. R.C. 3119.23 provides that "in determining whether to grant a deviation pursuant to section 3119.22 of the Revised Code" the court may consider the following:

(D) Extended parenting time or extraordinary costs associated with parenting time, * * *;

* * *

(H) Benefits that either parent receives from remarriage or sharing living expenses with another person;

(I) The amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents;

(J) Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;

(K) The relative financial resources, other assets and resources, and needs of each parent;

(L) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;

(M) The physical and emotional condition and needs of the child;

(N) The need and capacity of the child for an education and the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen;

(O) The responsibility of each parent for the support of others;

(P) Any other relevant factor.

{¶ 12}  Further, R.C. 3119.24 provides that a trial court must consider any "extraordinary circumstances of the parents" which include the following:

(1) The amount of time the children spend with each parent;

(2) The ability of each parent to maintain adequate housing for the children;

(3) Each parent's expenses, including child care expenses, school tuition, medical expenses, dental expenses, and any other expenses the court considers relevant;

(4) Any other circumstances the court considers relevant.

{¶ 13}  In this case, we conclude that the trial court did not abuse its discretion in finding that a deviation is still warranted.  Although there is now a larger discrepancy in income than there was at the time of the divorce, and the higher earner has switched from father to mother, there is no change in the other factors that originally led the parties to conclude that child support is inappropriate.  Both parties share equally in parenting time.  The children are still enjoying the same standard of living they enjoyed during the marriage.  Mr. Duff has not experienced a decrease in his income or standard of living.  He now lives in a five bedroom home in a residential golf community.  His wife receives child support for her son.  Mr. Duff's own testimony indicates that he is able to meet the needs of himself, his spouse, his stepson and both of his children without any change in child support.

{¶ 14}  Additionally, the parties agreed that they share the approximately $12,000 in

annual expenses of the children's private schooling and extracurricular activities. The trial court ordered Ms. DeBevoise to pay the first $4,969 (or approximately forty-one percent) of those costs at which point she and Mr. Duff would then share equally in the remaining $7,031 in expenses. The trial court also ordered that Ms. DeBevoise, rather than Mr. Duff, would be responsible for all of the uninsured medical expenses of the child. Thus, the trial court's decision eases Mr. Duff's financial expenses regarding the children by at least $5,755 per year.

{¶ 15} We cannot say that the trial court's decision to deviate from the standard child support order or to allocate more of the shared expenses to Ms. DeBevoise constitutes an abuse of discretion. It merely mirrors, in reverse, the parties' relative obligations as agreed to in their original shared parenting plan.

{¶ 16} Mr. Duff's First and Second Assignments of Error are overruled.

### III. The trial court did not err with respect to 2012 expenses

{¶ 17} Mr. Duff's Third Assignment of Error states:

THE TRIAL COURT ERRED IN ITS DETERMINATION OF THE RESPONSIBILITY OF THE APPELLEE FOR THE MONTHS OF OCTOBER, NOVEMBER AND DECEMBER 2012.

{¶ 18} Mr. Duff contends that the trial court erred in its calculation of Ms. DeBevoise's financial obligation for the months of October, November and December 2012. He filed his motion for child support in October 2012. The trial court's decision regarding Ms. DeBevoise's additional obligations was made effective January 2013. The trial court ordered that for the months following the filing of Mr. Duff's motion and the effective date of its order that Ms.

DeBevoise would only receive fifty-percent reimbursement of any shared expenses over the amount of $828. Mr. Duff contends that since the trial court assigned Ms. DeBevoise "the responsibility of an additional $414.00 per month toward the education and extracurricular activity expenses ($4969.00/12 = $414.00)" it should have made her pay the sum of $1,242 before receiving any reimbursement for those months.

{¶ 19} We cannot say that the trial court abused its discretion in this regard as Ms. DeBevoise's total income in 2012 was approximately $30,000 less than her projected total income for 2013.

{¶ 20} Accordingly, Mr. Duff's Third Assignment of Error is overruled.


## IV. Bonus income is income

{¶ 21} Ms. DeBevoise states the following for her First Assignment of Error on Cross-Appeal:

THE TRIAL COURT ERRED IN INCLUSION OF MOTHER'S BONUS
INCOME FROM PAST EMPLOYERS TO CALCULATE MOTHER'S TOTAL
ANNUAL INCOME.

{¶ 22} Ms. DeBevoise contends that the trial court erred by determining for purposes of the child support worksheet that her approximate annual income from bonuses is $30,000.

{¶ 23} We find no merit in this argument. Ms. DeBevoise testified that beginning January 1, 2013 she will have a base salary of $100,000 with eligibility to earn performance bonuses of up to $39,000. More importantly, there is evidence in the record to support a finding that for the three years prior to the hearing Ms. DeBevoise received bonuses totaling

approximately $30,000 per year. There is nothing in this record to suggest that Ms. DeBevoise will not be eligible to receive bonus income. Thus, we find no error in using this amount for purposes of the child support worksheet.

**{¶ 24}** Ms. DeBevoise's First Assignment of Error on cross-appeal is overruled.

## V. The trial court's reference to an incorrect support
## calculation is not reversible error

**{¶ 25}** Ms. DeBevoise's Second Assignment of Error on cross-appeal states:

THE COURT ERRED IN DETERMINING THE 2013 ANNUAL

OBLIGATION PRIOR TO DEVIATION TOTALLED [SIC] $19,405.28.

**{¶ 26}** Ms. DeBevoise contends that the trial court erred in its child support calculation. As indicated, the magistrate arrived at a new child support obligation for Ms. DeBevoise of $13,222.45, which utilized $20,000 as a figure for her bonus income. Ultimately, to adjust for the income difference, the magistrate recommended that Ms. DeBevoise be responsible for the first $4,969.00 of the shared additional expenses for the children. DeBevoise did not object to this specific recommendation.

**{¶ 27}** The trial court determined that Ms. DeBevoise's bonus income figure should have been $30,000, meaning her income was found to be $10,000.00 higher. Nonetheless, the trial court also held that DeBevoise would be responsible for the identical amount of the shared additional expenses, the first $4,969.00, despite $10,000.00 more income.

**{¶ 28}** We agree with the appellee that the trial court's statement "John is correct that the 2013 support obligation totals $19,405.28 annually" (decision pg. 5) is incorrect. That figure

is apparently based on a one-page child support computation worksheet that was attached to Mr. Duff's Supplemental Objections filed September 24, 2013. That worksheet does not truncate the support obligation for combined incomes, as here, in excess of $150,000.00. We also note that the trial court did not include a child support worksheet with its decision. However, this error is harmless. The trial court's adjustment of $4,969 for shared expenses is the same figure recommended by the magistrate whose full-form calculation worksheet did limit support for the income over $150,000.00, even though the trial court determined Ms. DeBevoise's income was $10,000 more. The adoption of this recommendation was reasonable. We fail to see how Ms. DeBevoise was prejudiced by the trial court's quoted statement. We further recognize that in light of the additional $10,000.00 income, the trial court ordered that Ms. DeBevoise be required to provide medical insurance, at a cost to her of $453.70 annually, and she was required to pay all of the children's uninsured medical expenses, which she stated she was willing to do. Finally, as noted above, the trial court determined that the evidence merited a one-hundred percent deviation in child support. Thus, in our analysis any error in determining the actual annual obligation calculation had no impact on the result herein.

{¶ 29} Ms. DeBevoise's Second Assignment of Error is overruled.

**VI.   The trial court's re-allocation of health insurance**

**and expenses was not an abuse of discretion**

{¶ 30} For her final Assignment of Error on cross-appeal, Ms. DeBevoise asserts the following:

THE TRIAL COURT ERRED IN RE-ALLOCATION OF ALL

UNINSURED MEDICAL, DENTAL, OPTICAL AND PSYCHOLOGICAL EXPENSES AND RE-ALLOCATION THAT MOTHER WAS TO MAINTAIN PRIMARY INSURANCE.

{¶ 31} Ms. DeBevoise contends that the trial court should not have made her responsible to provide the primary health insurance for the children. She further contends that it was error to make her responsible for all uninsured medical costs.

{¶ 32} Again, the trial court maintained the essence of the parties' shared parenting agreement and merely switched the responsibility for primary insurance coverage and payment of uninsured expenses to Ms. DeBevoise, who testified that she would be willing to pay the uncovered medical bills. As we indicated in our discussion of the previous assignment of error, the magistrate recommended, and the court ordered, that Ms. DeBevoise be responsible for the first $4,969.00 of shared expenses. In light of the fact that the trial court determined Ms. DeBevoise's income was $10,000.00 more than calculated by the magistrate, it was reasonable for the trial court to modify the magistrate's recommendations to allocate primary insurance and uninsured medical expenses to Ms. DeBevoise.

{¶ 33} Further, there is no evidence that the premium she pays, which already covers both children, would increase merely by making it the primary insurance.

{¶ 34} We cannot say that the trial court abused its discretion with regard to the allocation of insurance coverage or payment of uninsured expenses. Accordingly, Ms. DeBevoise's Third Assignment of Error is overruled.

## VI. Conclusion

{¶ 35} All of the parties' Assignments of Error being overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.

Copies mailed to:

Melynda W. Cook
Paulette J. Lilly
Hon. Timothy D. Wood